IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HOWARD RICHARD MUNGER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 1:12-cv-634-WKW |
| ) | |
| UNITED PARCEL SERVICE, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is an employment discrimination case filed by *pro se* plaintiff, Howard Richard Munger, July 24, 2012.

On August 22, 2012, this court entered an order setting the case for a status and scheduling conference at 2:00 p.m. on September 4, 2012. (Doc. 12). In the August 22, 2012, order, the court warned Munger:

> **The plaintiff is specifically advised that if he fails to appear as required by this order, the court will treat his failure to appear as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this action be dismissed.**

(Doc. 12 (emphasis in original)).

On September 4, 2012, counsel for United Parcel Service appeared in court for the status and scheduling conference at 2:00 p.m. in accordance with this court's August 24, 2012 order; Munger did not. (Doc. 18).

Accordingly, on September 4, 2012, the court ordered Munger to show cause by September 19, 2012, why this case should not be dismissed for his failure to appear, and his

failure to prosecute. (Doc. 19). In the September 4, 2012, order, the court warned Munger:

> ***The plaintiff is specifically advised that if he fails respond as required by this order, the court will treat his failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this action be dismissed.***

(Doc. 19 (emphasis in original)).

Munger failed to file a response to this court's September 4, 2012, order.

Consequently, based on Munger's failure to appear at the September 4, 2012 status and scheduling conference, and based on his failure to respond to this court's September 4, 2012, order, the court concludes that he has abandoned his claims. "[E]ven a non-lawyer should realize the peril to h[is] case, when []he . . . ignores numerous notices, and fails to attend hearings . . . . Even a non-lawyer should realize the need to communicate either with the court or with opposing counsel." *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167-69 (5th Cir. 1980).

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that Munger's complaint be **DISMISSED** without prejudice. It is further

**ORDERED** that the parties shall file any objections to the said Recommendation on or before **October 5, 2012.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*; see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

      Done this 20th day of September, 2012.


                          /s/Charles S. Coody
                        CHARLES S. COODY
                        UNITED STATES MAGISTRATE JUDGE